UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| AVERY JAMELL STEVENSON | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-384 |
| | ) | *Greer/Inman* |
| FIRST JUDICIAL DRUG TASK FORCE | ) | |

**MEMORANDUM and ORDER**

Acting *pro se*, Avery Jamell Stevenson, who now is confined in the Washington County Detention Center, has submitted a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the civil filing fee of $350.00. Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones*

*v. Bock*, 549 U.S. 199 (2007). All payments should be sent to: <u>Clerk, USDC; 220 West Depot Street, Suite 220; Greeneville, TN 37743.</u>

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement, to ensure compliance with the fee-assessment procedures outlined above.

Plaintiff has sued the First Judicial Drug Task Force in connection with the seizure of his blue 1994 Jaguar XJ6, pursuant to seizure papers served on him during his arrest in the Wal-Mart parking lot on November 12, 2011. He requests the Court to hold a hearing to determine the legality of the seizure and whether the vehicle should be returned to him.

The Court must screen this prisoner's complaint pursuant to 28 U.S.C. § 1915A and § 1915(e) and must dismiss this case if it determines that it is frivolous or fails to state a claim for relief or if plaintiff seeks relief from defendants who enjoy immunity from the suit.

The Court infers that plaintiff is asking this Court to intercede in the state court proceedings to allow him to challenge the seizure of his automobile. Unfortunately for plaintiff, the action must be dismissed because the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal

prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

Plaintiff's criminal proceedings are pending in the state court. Plaintiff may attack the seizure of his blue Jaguar in the state trial court. Were this Court to find in plaintiff's favor that the rights alleged had been violated, this ruling undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so.

Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by affording him the relief he impliedly seeks. A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE